**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4994**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOSHUA DYLAN BENNETT,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:13-cr-00186-CCE-3)

———————

Submitted:  October 3, 2014        Decided:  October 9, 2014

———————

Before SHEDD, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Josiah J. Corrigan, Jacob P. Warner, PERRY, PERRY & PERRY, Kinston, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Dylan Bennett pled guilty pursuant to a plea agreement to conspiracy to distribute fifty grams or more of methamphetamine and to possess pseudoephedrine knowing and having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B), (c)(2), 846 (2012). The district court calculated Bennett's Guidelines range at sixty to seventy-one months' imprisonment, U.S. Sentencing Guidelines Manual (2012), and, after granting a downward variance for substantial assistance to the Government, sentenced Bennett to forty-five months' imprisonment.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the district court reversibly erred in accepting Bennett's guilty plea and abused its discretion in imposing sentence. Counsel also questions whether trial counsel rendered ineffective assistance at sentencing. Bennett was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

Because Bennett did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error only. United States v.

2

Martinez, 277 F.3d 517, 524–26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Bennett's guilty plea and that the court's omissions did not affect Bennett's substantial rights. Critically, the transcript reveals that the district court ensured that the plea was supported by an independent basis in fact, and that Bennett entered the plea knowingly and voluntarily with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Bennett's guilty plea.

Turning to Bennett's sentence, we review it for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007).

3

This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49–51.

If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is below the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289-90 (4th Cir. 2012). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly calculated and considered the advisory Guidelines range, heard argument from counsel, and afforded Bennett the opportunity to allocute. The court explained that the forty-five-month sentence was

4

warranted in light of the nature and circumstances of Bennett's offense conduct and his history and characteristics. 18 U.S.C. § 3553(a)(1). Bennett does not offer any grounds to rebut the presumption on appeal that his below-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Bennett.

Bennett also questions whether trial counsel rendered ineffective assistance at sentencing. After review of the record, we find this claim inappropriate for resolution on direct appeal. Because the record does not conclusively establish ineffectiveness of counsel, Bennett must assert such a claim, if at all, in a motion pursuant to 28 U.S.C § 2255 (2012). United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

Finally, in accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bennett, in writing, of the right to petition the Supreme Court of the United States for further review. If Bennett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court

for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bennett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED